E-FILED
Monday, 27 September, 2010  09:26:01 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Jonathon Andrew Willis, | ) |
| Plaintiff, | ) |
| v. | ) No. 10-CV-1018 |
| John Williams,<br>Hammitt School/Baby Fold,<br>McClean County Sheriff's Department, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case arises from an alleged sexual assault of Plaintiff by Defendant Williams when Plaintiff was eight years old. Defendants Hammitt School/Baby Fold and the McClean County Sheriff's Department have filed separate motions to dismiss. For the reasons below, the Court recommends that those motions be granted, leaving John Williams as the only defendant in this case.

### Legal Standard

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual

allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). The court keeps in mind, however, that pro se pleadings are liberally construed. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In 1983, when Plaintiff was eight years old, he was allegedly sexually assaulted by Defendant Williams, who was then about 16 years old. Williams allegedly threatened to harm or kill Plaintiff if he reported the incident. (Complaint, p. 5).

In 1984, Plaintiff told a social worker at his school about the assault. Though Plaintiff does not say, the Court assumes for purposes of this order that Defendant Hammitt School/Baby Fold was the school Plaintiff attended at the time. The social worker allegedly did not believe Plaintiff, admonishing him to "quit making up wild stories." (Complaint, p. 6). The

social worker then told Plaintiff's parents that she believed that Plaintiff had made the story up for attention, because he was jealous of a new sibling. Id.

As a result of the assault, Plaintiff allegedly spent years in counseling, winding up in an adolescent psychiatric unit in 1989. Id. The psychiatric unit reported the assault to child welfare services. An employee of child welfare services interviewed Williams, who allegedly neither confirmed nor denied the allegations. Nothing came of the State's investigation.

In 1993, when Plaintiff would have been about 18 years old, a McClean County Detective–David Deerwester–allegedly interviewed Plaintiff on tape about the sexual assault. Deerwester allegedly filed the tape with the McClean County Sheriff's Department and the McClean County State's Attorney's Office. (Complaint, p. 6). Three months later Plaintiff's family asked the Sheriff's Department about the results of the investigation but were falsely told that no investigation existed. The family was also falsely told that Detective Deerwester had been demoted, and discouraged from contacting him. (Complaint, p. 7). A coworker of Deerwester allegedly took over the investigation from Deerwester in 1993.

Presently, Plaintiff has e-mailed the McClean County Sheriff's Department asking about the 1993 file, and seeking to file a complaint about the Department's handling of the matter. The Department allegedly responded that there was no such file, and that all the people involved had retired. The Department also allegedly failed to accept Plaintiff's complaint about its procedures, essentially advising Plaintiff "not to bother with the situation again." (Complaint, p. 7).

**ANALYSIS**

Defendant Williams has not appeared in the case yet. The first attempt at service was returned unexecuted because there was no person by that name at the address given by Plaintiff. (d/e 5). An alias summons issued on September 1, 2010. (d/e 27). Thus, the only defendants at issue in this order are Hammitt School/Baby Fold (the "School") and the Sheriff's Department.

**I. Claims against the School**

The social worker at the School allegedly failed to believe Plaintiff, telling his parents that he was lying for attention. Plaintiff's anguish at that response is understandable, but the only issue the Court can consider is a

legal one: whether the social worker's failure to believe Plaintiff or to take action to report the abuse violated any of Plaintiff's federal or state rights.[1]

There is no legal duty under the federal Constitution for a person (public or private) to protect another person.[2] In DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189 (1989), social workers failed to take action to protect a young boy from physical abuse by his father, though they knew or should have known that the father was beating his son regularly. The boy and his mother sued the social services department under 42 U.S.C. Section 1983, but the Supreme Court held that the Constitution "was to protect the people from the State, not to ensure that the State protected them from each other." 489 U.S. at 196; *see also* Windle v. City of Marion, 321 F.3d 658 (7th Cir. 2003)(police officers' failure to protect middle school student from teacher's molestation did not violate

---

[1] Plaintiff does not state the grounds for federal jurisdiction, but it is clear that federal question and diversity jurisdiction exist. Although this Recommendation concludes that Plaintiff states no federal claim, the court cannot say that asserting federal claims would be so frivolous as to amount to a lack of federal question jurisdiction. *Compare with* Crowley Cutlery Co. v. U.S., 849 F.2d 273, 276 (7th Cir. 1988)("a suit which is frivolous does not invoke the jurisdiction of the federal courts."). Alternatively, it appears that Plaintiff is a citizen of Virginia and Defendants are citizens of Illinois, satisfying diversity jurisdiction.

[2] The School denies that it is a state actor. (d/e 23, p. 4). The court cannot determine that without reference to information outside the Complaint, which is not permitted at this stage. The Court therefore assumes for purposes of this order that the School might be a state actor.

due process, despite officers' knowledge thereof); Doe v. Milwaukee County, 903 F.2d 499 (7th Cir. 1990)(no constitutional violation for failure of county to immediately investigate report of sexual abuse of child).

Applying DeShaney here, no plausible inference arises that the social worker took any action to create or exacerbate the danger Plaintiff faced from Williams. The social worker only learned of the assault after it occurred, and there is no suggestion that it occurred again. In any event, even if Williams did assault Plaintiff again, the social worker's failure to act would not violate the Constitution under DeShaney's reasoning.[3] Under DeShaney, she had no constitutional duty to protect Plaintiff from assault by someone outside the School. Nor is there any other federal law, of which the Court is aware, that provides a private civil action against a person for failing to report suspected sexual abuse of a child.

Similarly, Illinois common law creates no legal duty to report suspected sexual abuse of a child. Cuyler v. United States, 362 F.3d 949,

---

[3] The School correctly points out that it could not be held liable for the social worker's constitutional violations in any event. There is no respondeat superior liability for constitutional violations, and no plausible inference arises that the School had any unconstitutional policy or practice. *See* Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988); Monell v. Dep't of Social Services, 436 U.S. 658 (1978). This would be another basis for granting the School's motion to dismiss. The Court chose to rest its Recommendation on the substantive claim in order to demonstrate that, even if Plaintiff amended his Complaint to add the social worker as a defendant, he would state no claim against her.

954-55 (7th Cir. 2004). There is an Illinois statute which requires certain individuals, including school personnel, to report suspected child abuse. 325 ILCS 5/4 (part of the Abused and Neglected Child Reporting Act, 325 ILCS 5/1 *et seq.*)("ANCRA"). Criminal and disciplinary sanctions are provided under the Act, but there is no provision for civil sanctions. Cuyler, 362 F.3d at 951 (7th Cir. 2004). Illinois Courts and the Seventh Circuit Court of Appeals have held that ANCRA does not create a private right of action. Doe-2 v. McLean County Unit District No. 5 Board of Directors, 593 F.3d 507, 514 (7th Cir. 2010)("ANCRA's mandate to report child abuse does not create any duty to the abused child enforceable under Illinois tort law.")(*citing* Cuyler and an Illinois Appellate court case).

## II. Claims against the Sheriff's Department

Liberally construing the Complaint, in 1993 the McClean County Sheriff's Department ("Department")[4] allegedly intentionally concealed or destroyed an investigative file regarding Williams' assault.

---

[4] The Department argues that it is not a suable entity, but that problem could be easily fixed by substituting the Sheriff in his official capacity and adding as defendants the individuals responsible for the alleged concealment. The Court chose to address the substance of the claim in order to show that, even with those amendments, Plaintiff states no legal claims.

If Plaintiff is claiming that the Department failed to adequately investigate or charge Williams with a crime, there is no legal duty to do either. As discussed above, a local government has no constitutional duty to protect its citizens. DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 196 (1989). It follows, then, that the government does not have a constitutional duty to pursue investigations or criminal charges against an individual, even if probable cause exists that the individual committed a crime. *See* Doe v. Milwaukee County, 903 F.2d 499 (7th Cir. 1990).

Similarly, the Court knows of no Illinois common or statutory law imposing a duty on police officers, enforceable through a private right of action, to investigate charges of criminal conduct or to pursue criminal charges against individuals. *See* DeSmet ex rel. Estate of Hays v. County of Rock Island, 219 Ill.2d 497, 508-09 (2006)(discussing the public duty rule, a common law rule that police owe a duty to the community at-large, but not to specific members of community). Even if such a duty existed, the Department and it's officers would be immune from civil suit under 745 ILCS 10/4-102, which states:

> Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide

> police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals. . . .

The Illinois Supreme Court has held that § 10/4-102 provides no exception for willful and wanton conduct. DeSmet, 219 Ill.2d at 1041 (§ 10/4-102 provides absolute immunity for officers who failed to respond to scene of accident). Similarly, local public entities and their employees are immune from liability for the failure to make an arrest. 745 ILCS 10/4-107. Thus, the Department and its employees are absolutely immune from a civil lawsuit based on their failure to take adequate action in response to Plaintiff's accusations against Williams.

The defendants do not address Plaintiff's allegations that they falsely told him that no investigation existed. "[W]hen police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged." Harrell v. Cook, 169 F.3d 428, 432 (7th Cir. 1999)(police officers' intentional loss of evidence in theft case stated constitutional claim). However, if the facts needed for a claim are already known to the plaintiff, then no constitutional claim lies. See Cefalu v. Village of Elk Grove, 211 F.3d 416,

423-424 (7th Cir. 2000). Here, Plaintiff already had the facts he needed to support a claim against Williams because Plaintiff personally suffered the assault. Hiding the investigative report from Plaintiff did not hide the existence of Plaintiff's claim against Williams, and therefore could not have hindered his access to the court to pursue those claims. The same conclusion would be compelled under state law, to the extent Plaintiff is trying to assert some sort of state law tort claim against the Department based on the concealment of the investigation.[5] Even if the Department owed a legal duty to disclose the investigation to Plaintiff, their breach of that duty did not prevent Plaintiff from pursuing a civil action against Williams, and thus, Plaintiff suffered no damage from the breach. *See* Andersen v. Mack Trucks, Inc., 341 Ill.App.3d 212, 215, 218 (2d Dist. 2003) (to state claim for spoliation of evidence, there must be a duty, a breach of that duty, and an injury proximately cause by the breach—loss of evidence must have caused plaintiff to be unable to prove underlying suit).

---

[5]It is not clear if 745 ILCS 10/4-102 would immunize a state law claim based on the concealment of an investigation. A police officer engaged in the "execution and enforcement of any law" is not immune if his actions were "willful and wanton." 745 ILCS 10/2-201. The Department does not address whether intentionally concealing an investigative report could be classified as "executing and enforcing" a law. *See* DeSmet, 219 Ill.2d at 1044-45 (distinguishing § 10/4-102 and § 10/2-201)("executing and enforcing" includes exercising control over scene and its investigation). The Court need not resolve the immunities question, since Plaintiff has no states no claim based on the concealment.

In sum, Plaintiff's allegations against the School and the Department state no claim for relief under federal or state law, nor would they state claims for relief against the social worker or the Department's employees if the Complaint was amended to add the appropriate defendants. The Court will therefore recommend that the School and the Department be dismissed. In light of this Recommendation, the Court does not address Defendants' other arguments for dismissal.

WHEREFORE, the Court RECOMMENDS that the motions to dismiss by Defendants Hammitt School/Baby Fold and the McClean County Sheriff's Department be granted (d/e's 10, 19), and that those defendants be dismissed. If this Recommendation is adopted, John Williams will be the only remaining defendant.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

ENTER: September 27, 2010

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE