# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHON ANDREW WILLIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-1018 |
| JOHN WILLIAMS, HAMMIT SCHOOL/ BABY FOLD, and McCLEAN COUNTY SHERIFF'S DEPARTMENT, | ) |
| Defendants. | ) |

## O R D E R

On September 27, 2010, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that he was the victim of a sexual assault by Defendant Williams in 1983 when he was eight years old. Plaintiff alleges that in 1984, he told a social worker at Defendant Hammit School/Baby Fold about the assault, but that the social worker did not believe him. In 1993, Plaintiff asserts that the McClean County Sheriff's Department

interviewed him about the assault and began an investigation into the matter but now denies that any such investigation occurred.

The Court agrees that the claim against Hammit School/Baby Fold can only be construed as a claim for failure to protect by the social worker. However, there is no legal duty under the U.S. Constitution for one person to protect another. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989); Windle v. City of Marion, 321 F.3d 658 (7th Cir. 2003). The Court concurs with the recommendation that Plaintiff fails to state a claim against this Defendant, and that portion of the Complaint must be dismissed.

The Court further agrees that the failure to investigate/intentional concealment/destruction of evidence claim alleged against the Sheriff's Department likewise fails to state a claim upon which relief can be granted. There is no federal constitutional duty to investigate complaints or pursue criminal charges against an individual. Doe v. Milwaukee County, 903 F.2d 499 (7th Cir. 1990). Moreover, no claim for intentional concealment or loss of evidence is viable where the facts upon which the claim would be based area already known to the plaintiff, as they were here. Cefalu v. Village of Elk Grove, 211 F.3d 416 (7th Cir. 2000). As a result, this claim must also be dismissed.

Accordingly, the Court now adopts the Report & Recommendation [#28] of the Magistrate Judge in its entirety. Defendants' Motions to Dismiss [#10 and #19] are GRANTED. Hammitt School/Baby Fold and the McClean County Sheriff's Department are

terminated as Defendants in this action, and this matter is referred to the Magistrate Judge for further proceedings with respect to Defendant Williams.

ENTERED this 26th day of October, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
