**E-FILED**
Monday, 29 November, 2010 02:02:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHON ANDREW WILLIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-01018 |
| JOHN WILLIAMS, | ) |
| Defendant. | ) |

## **O R D E R**

Before this Court is Plaintiff's letter dated November 5, 2010 [#42] objecting to this Court's Order adopting the Report and Recommendation of Judge Cudmore granting Defendants' Motions to Dismiss [#40]. As this letter's objections are untimely, it will be construed as a Motion to Reconsider the Order adopting the Report and Recommendation. For the reasons set forth below, Plaintiff's letter construed as a Motion to Reconsider [#42] is DENIED.

### BACKGROUND

On September 27, 2010, Magistrate Judge Cudmore filed a Report and Recommendation recommending that Defendants' Hammitt School/Baby Fold ("Hammitt") and McClean County Sheriff's Department ("McClean") Motions to Dismiss [#10, 19] be allowed. This Court issued an Order Adopting the Report and Recommendation [#40] on October 26, 2010. Defendants Hammitt and McClean were thus terminated as parties.

The Court agreed with the Report and Recommendation that there is no legal duty under the U.S. Constitution for one person to protect another and, thus, there was no duty for Defendant

Hammitt to report Plaintiff's alleged abuse. *Windle v. City of Marion*, 321 F.3d 658 (7th Cir. 2003). The Court further agreed that there is no federal constitutional duty to investigate claims or pursue criminal charges against an individual and, thus, there was no legal duty for Defendant McClean to act upon Plaintiff's allegations of abuse. *Doe v. Milwaukee County*, 903 F.2d 499 (7th Cir. 1990).

Plaintiff Jonathan Willis ("Willis") filed a letter on November 5, 2010 [#42], stating that he was not afforded an opportunity to object to the Report and Recommendation. Given the arguments presented in this letter and its timeliness, the Court will construe it as a Motion to Reconsider the adoption of Judge Cudmore's Report and Recommendation. This Order follows.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

Plaintiff first requests the Court's reconsideration of its finding that Defendant Hammitt had no legal duty to report Plaintiff's allegations of abuse. As the Magistrate Judge discussed, the Supreme Court of the United States dealt with a case strikingly similar to this situation in *DeShaney v. Winnebago County Dep't of Social Servs*. 489 U.S. 189 (1989). In that case, social workers failed to take action even after they knew or should have known that a young boy was being physically abused by his father. When the boy and his mother sued the social services department, the Supreme Court held that the social worker had no duty to protect the boy. Here, too, there was no constitutional duty for the social worker at Hammitt to report Plaintiff's allegations of abuse. This rule sounds harsh when applied to a specific situation like the one before this Court. Although the Court may be sympathetic to Plaintiff's situation, the Court must also make findings consistent with

controlling precedent, which does not provide for a private right of action against a social worker who did not report an allegation of sexual abuse.

Furthermore, there is no private right of action under Illinois law that would permit Plaintiff to bring his claim against Defendant Hammitt. *Cuyler v. United States*, 362 F.3d 949 (7th Cir. 2004). While Illinois does require school personnel to report suspected child abuse under the Abused and Neglected Child Reporting Act, this Act only provides for criminal and disciplinary sanctions. 325 ILCS § 5/1 *et seq.* Thus, the decision of this Court in adopting Judge Cudmore's recommendation that Defendant Hammitt be terminated is legally sound.

Plaintiff also requests that this Court reconsider its finding that Defendant McClean had no legal duty to investigate Plaintiff's claims of abuse. This Court knows of no law that creates a private cause of action against police officers who choose not to investigate criminal charges. It is well established that a governmental body is under no constitutional duty to protect its citizens from criminal actions. *DeShaney*, 489 U.S. at 196; *Windle v. City of Marion*, 321 F.3d 658 (7th Cir. 2003); *Doe v. Milwaukee County*, 903 F.2d 499 (7th Cir. 1990). Thus, Defendant McClean was under no constitutional duty to investigate Plaintiff's claims. Furthermore, regardless of the existence of a constitutional duty, Plaintiff does not have any legal basis for bringing a private cause of action against Defendant McClean.

Finally, Plaintiff seeks this Court's reconsideration of its determination that no claim for intentional concealment or loss of evidence is viable where the plaintiff is aware of all the facts needed to assert the claim. Even viewing the allegations in the light most favorable to Plaintiff, there is no legally cognizable claim Plaintiff could raise against McClean for concealing or losing evidence in this case. Where the facts needed to assert the claim are already known and readily available to the plaintiff, the plaintiff has no constitutional claim against officers who concealed

evidence of the claim. *Cefalu v. Village of Elk Grove*, 211 F.3d 416 (7th Cir. 2000). The Seventh Circuit in *Cefalu* reasoned that, because the plaintiff in that case had all of the information necessary to state their claim, the fact that the police officers lost evidence did not impede the plaintiff's access to the courts. *Id.* In this case, Plaintiff was aware of all of the facts to establish his claim for sexual abuse as he himself suffered the alleged attack and was not, therefore, hindered in his access to the courts to file his claim. Additionally, Plaintiff has no claim against Defendant McClean under state tort law. Even if Defendant McClean owed Plaintiff a duty, that duty was not breached because it did not prevent Plaintiff from brining a civil action against his alleged attacker in court. *Anderson v. Mack Trucks, Inc.*, 341 Ill.App.3d 212 (2d Dist. 2003).

## CONCLUSION

For the reasons set forth above, Plaintiff's letter construed as a Motion to Reconsider [#42] is DENIED.

ENTERED this 29th day of November, 2010.

                                        /s Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge