E-FILED
Monday, 06 December, 2010 02:39:16 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Jonathon Andrew Willis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-1018 |
| | ) | |
| John Williams, | ) | |
| Hammitt School/Baby Fold, | ) | |
| McClean County Sheriff's Department, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case arises from an alleged sexual assault of Plaintiff by Defendant Williams when Plaintiff was eight years old. Defendants Hammitt School/Baby Fold and the McClean County Sheriff's Department have been dismissed, leaving only Williams as a defendant. (10/26/10 Order). Now before the Court is Williams' motion to dismiss, which the Court recommends be denied.

### Legal Standard

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual

allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). The "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). A plaintiff can "plead himself out of court" if the facts he alleges "establish an impenetrable defense to [his] claims." Tamayo, 526 F.3d at 1086 (7th Cir. 2008). The court keeps in mind, however, that pro se pleadings are liberally construed. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS AND ANALYSIS

Plaintiff alleges that, in 1983 when he was eight years old, Defendant Williams, who was then 16 years old, sexually assaulted him. The assault allegedly took place in Stanford, Illinois. Williams allegedly threatened to harm or kill Plaintiff if he reported the incident. In 1984, Plaintiff told a social worker at his school about the assault, but the social worker did not believe him. (Complaint, d/e 3-1, p. 6).

As a result of the assault, Plaintiff allegedly spent years in counseling, winding up in an adolescent psychiatric unit in 1989. The State allegedly conducted an investigation at some point in or after 1989, but nothing came of it. Additionally, the McClean County Sheriff's Department opened an investigation in 1993, when Plaintiff would have been about 18 years old, but that investigation was allegedly swept under the rug.

**Analysis**

Defendant Williams first argues that Plaintiff fails to state a claim, but the argument is not well developed. Nor could it be, in the Court's opinion. At this point the Court must accept Plaintiff's allegations as true. The allegations sufficiently allege sexual abuse by Williams and give fair notice of when, where, and how it happened. Plaintiff offers to provide more detail, but that is not necessary at this juncture. His allegations give rise to a plausible inference that he is entitled to relief against Williams.[1]

Williams' stronger argument is that Plaintiff's claim is barred by the statute of limitations set forth in 735 ILCS 202.2(b), which sets forth the

---

[1] Williams contends that Plaintiff asks for no relief, but the operative Complaint does ask for damages. (d/e 3-1). Williams may be looking at the original Complaint, which left the relief-requested section blank. (d/e 1).

statute of limitations for actions for damages based on childhood sexual abuse. The current version of this section provides:

> (b) Notwithstanding any other provision of law, an action for damages for personal injury based on childhood sexual abuse must be commenced within 10 years of the date the limitation period begins to run under subsection (d) or within 5 years of the date the person abused discovers or through the use of reasonable diligence should discover both (I) that the act of childhood sexual abuse occurred and (ii) that the injury was caused by the childhood sexual abuse. The fact that the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred is not, by itself, sufficient to start the discovery period under this subsection (b). Knowledge of the abuse does not constitute discovery of the injury or the causal relationship between any later-discovered injury and the abuse.

735 ILCS 5/13-202.2(b). The limitations period begins to run when the abused person turns 18 years old, or, if the person is under a legal disability at that time, when the legal disability is removed. 735 ILCS 5/13-202.2(d). The limitations period does not "run during a time period when the person abused is subject to threats, intimidation, manipulation, or fraud perpetrated by the abuser or by any person acting in the interest of the abuser." 735 ILCS 5/13-202.2(d-1).

Defendant Williams maintains that the 1993 version of this section governs because Plaintiff turned 18 in 1993. The version in effect in 1993 had a shorter statute of limitations (2 years) and a 12 year repose

provision.  The 12 year repose provision was deleted in 1994, and the 2 year limit was extended to the current limits in 2003.  The 1993 version also did not contain 735 ILCS 5/13-202.2(d-1)(the threats and intimidation provision), which was added in 2003.

Defendant Williams argues that under the 1993 version Plaintiff's limitations period expired two years after Plaintiff turned 18 years old, or in 1995.  Williams contends that his right to invoke the statute of limitations as a defense thus vested in 1995, a right which later statutory amendments cannot take away.  See Johnson v. Augustinians, 396 Ill.App.3d 437, 441 (1st Dist. 2009)(amendments to § 202.2 could not be applied retroactively to revive actions that were already time-barred before the statutory amendments became effective).[2]  Williams also argues that, even if the current version applies, Plaintiff is still time-barred because the statute of

---

[2]This case is not as straightforward as Johnson.  In Johnson, the plaintiff was sexually abused in 1979 and did not file his claim until 2008.  He turned 18 years old in 1981, so the 12-year statute of repose ran in 1993, which was before the enactment of the 1994 amendment deleting the repose period.  The Court in Johnson held that the defendant had acquired a vested right to invoke the statute of limitations defense in 1993, which could not be taken away by later statutory amendments. In contrast, here the repose period was deleted by amendment in 1994, *before* the statute of limitations ran.  Thus, Williams arguably cannot rely on the 12 year repose period.  See Doe v. Diocese of Dallas, 234 Ill.2d 393, 410 (2009)("Because the repose period was eliminated before it expired, there was never a time when it operated to insulate defendants from liability.").  The question is academic, though, because Williams does not, and does not need to, rely on the 12 year repose period.  Plaintiff knew both of the assault *and* that his injuries were caused by the assault when he turned 18 in 1993, which would have started the limitations running in 1993.

limitations would have expired ten years after he turned 18 years old, or in 2003.

The Court agrees that the statute of limitations in all likelihood bars this case, under any version of the statute, *provided that* no exceptions apply. By Plaintiff's own allegations, he knew of the abuse when it occurred in 1983. He reported that abuse to a school counselor in 1984 and again to the police department in 1993 when he was 18 years old.[3] Plaintiff also knew by the time he turned 18 that the injuries he suffered were caused by that abuse. He knew that he had been committed in 1989 to "an adolescent psychiatric unit for depression, post-traumatic stress disorder, suicidal tendecies [sic] to name a few that stemmed from the assault, . . . ." (d/e 3-1, p. 6). No plausible inference arises that Plaintiff's discovery of the causal relationship between his injuries (mental anguish, psychiatric hospitalization, difficulty functioning) and the abuse happened on some later date. *Compare with* Doe v. Diocese of Dallas, 234 Ill.2d 393, 400-01 (2009)(plaintiff's hospitalization 14 years after abuse was first time he realized that his physical and mental problems were causally related to

---

[3]Plaintiff does not dispute that he turned 18 years old in 1993. The court surmises this from his allegation that the abuse occurred in 1983 when he was eight years old.

the sexual abuse, and thus statute of limitations began running on hospitalization). In sum, Plaintiff's own allegations show that he knew of the sexual abuse and that his injuries were caused by it when he was 18 in 1993. Thus, the statute of limitations started running in 1993, barring an exception. Under the pre-2003 version of the statute, he would have had until 1995 to file his claim. Under the current version, he would have had until 2003. Either way his claim would be time-barred.

However, the Court does not believe it is possible at this point to conclude with confidence that no exceptions exist. For example, Plaintiff asserts that he is currently under a legal disability which has not been removed (d/e 39, p. 1). If he was under a legal disability when he turned 18, the clock did not start running until the disability was removed, under any version of the statute. 735 ILCS 5/13-202.2(d).

Plaintiff does not explain what his current legal disability is, nor is one apparent from the record. Under Illinois law, a person is under a legal disability if he is "'entirely without understanding or capacity to make or communicate decisions regarding [his] person and totally unable to manage [his] estate or financial affairs.'" Basham v. Hunt, 332 Ill.App.3d 980, 989 (1st Dist. 2002)(quoted cite omitted). "In a personal injury case, a

person is not legally disabled if he or she can comprehend the nature of the injury and its implications." In re Doe, 301 Ill.App.3d 123, 127 (1st Dist. 1998)(plaintiff's autism did not constitute legal disability and therefore did not toll statute of limitations on his claim against school that he was sexually abused by a teacher). Nothing in the record suggests that Plaintiff is legally disabled under this standard. He has been able to pursue this case pro se, and his response to Williams' motion to dismiss displays an understanding of the law and an ability to advocate on his own behalf. *See also* Crawford v. U.S., 796 F.2d 924, 926 (7th Cir. 1986)("by definition a person under legal disability cannot sue unless he has a guardian or other representative.").

Nevertheless, the question whether Plaintiff was under a legal disability when he turned 18, and, if so, if and when that disability was removed, cannot be answered on this record. At this point the Court cannot rule out the possibility that Plaintiff was under some kind of continuing legal disability at age 18 which affected the running of the statute of limitations. In the Court's opinion, that decision should be made on a summary judgment motion.

Plaintiff also asserts that he was deterred from filing his action earlier

because he and his family were subjected to threats and intimidation.  He alleges that, in 1993, a police detective warned that pursuing the case could result in problems for Plaintiff and his family from Paul Williams, a police officer and a relative of Defendant Williams.  (d/e 39, p.1).  Plaintiff argues that this amounted to the kind of threats and intimidation which toll the statute of limitations under 735 ILCS 5/13-202.2(d-1).

Section (d-1) was added in 2003, so it would not apply if an earlier version of the statute applies.  In any event, though, it seems unlikely that a detective's one-time remark 17 years ago would amount to the kind of "threats and intimidation" contemplated in 735 ILCS 5/13-202.2(d-1).  Williams, however, does not address this question.

Additionally, Plaintiff alleges in his Complaint that "threats of death and harm was [sic] made by John Williams if I reported the incident." (d/e 3, p. 5).  Defendant Williams does not address whether these alleged threats affect the running of the statute of limitations.  Even if § 202.2(d-1) does not apply, there may be equitable doctrines to consider regarding the application of the statute of limitations.  This may be difficult for Plaintiff to show, given that the threats did not deter him from reporting the abuse one year after it occurred, or again in 1993 when he turned 18.  However, a

decision on this question should be made on summary judgment, in the Court's opinion.

In sum, it does appear that Plaintiff has an uphill battle to surmount his statute of limitations problems. However, the Court believes that the record is not developed enough to make that determination on a motion to dismiss. Particularly, the record is not developed as to Plaintiff's alleged legal disability and as to the effect of Williams' alleged threats on the statute of limitations. Williams may renew his arguments in a well-supported summary judgment motion.[4]

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be denied (d/e 34).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

---

[4] Plaintiff's other arguments have no legal merit. The fact that he reported the crime within a year after the assault does not affect his time limit for bringing a civil action. Similarly, the limitations for criminally prosecuting those who fail to report child abuse does not determine the limitations for Plaintiff to bring this civil action.

Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: December 6, 2010

_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE