# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHON ANDREW WILLIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-01018 |
| JOHN WILLIAMS, | ) |
| Defendants. | ) |

## O R D E R

On December 6, 2010, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than fourteen (14) days have elapsed since the filing of the Report & Recommendation, and no objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that he was sexually assaulted by Defendant John Williams in 1983 when the Plaintiff was eight years old. Plaintiff then claims he reported the abuse to a social worker at his school at the time, Hammitt School/Baby Fold ["Hammitt"].[1] Plaintiff also reported the incident to the McLean

---

[1] Plaintiff does not articulate whether this was his school at the time of the abuse; however, Judge Cudmore assumes this fact for the purpose of his report and recommendation.

County Sheriff's Department ["McLean"]. Plaintiff allegedly spent several years in counseling and was placed in an adolescent psychiatric unit in 1989. Defendants Hammitt and McLean filed separate Motions to Dismiss [#10, 19], which were granted by this Court on October 26, 2010, leaving Defendant John Williams as the only remaining defendant.

The Court concurs with the recommendation that Plaintiff has sufficiently pled his claims against Defendant Williams in order to overcome a motion to dismiss pursuant to Federal Rule of Civil Procedure 10(b)(6). The Court further concurs with the recommendation that Plaintiff's claims fall under the 1993 version of the Illinois statute pertaining to childhood sexual abuse. 735 ILCS 5/13-202.2(b). As such, Plaintiff's claims would be time barred unless he falls under one of the exceptions. The Court agrees with the recommendation that, at this time, it is not possible to conclude that Plaintiff does not meet one of these exceptions.

Accordingly, the Court now adopts the Report & Recommendation [#45] of the Magistrate Judge in its entirety. Defendant's Motions to Dismiss [#34] is DENIED. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 6th day of January, 2011.

                                            s/ Michael M. Mihm  
                                            Michael M. Mihm  
                                            United States District Judge