**E-FILED**
Wednesday, 26 October, 2011  11:33:03 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JONATHAN ANDREW WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-1018 |
| ) | |
| JOHN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before this Court for a Report and Recommendation on Defendant John Williams' Motion to Dismiss (d/e 63). Prior to filing the Motion to Dismiss (d/e 63) (Motion), on August 26, 2011, Defendant Williams filed a Motion to Compel (d/e 62) *pro se* Plaintiff Jonathan Andrew Willis to answer Defendant's interrogatories and provide authorizations to obtain records. *Pro se* Plaintiff failed to respond to Defendant's Motion to Compel (d/e 62) and by Text Order dated September 20, 2011, the undersigned allowed the Defendant's Motion to Compel (d/e 62) and directed *pro se* Plaintiff to answer the Defendant's interrogatories and provide authorizations to obtain records by October 3, 2011. The Court admonished Plaintiff that the matter would be dismissed if he did not comply.  Plaintiff  has not done so.  Plaintiff did not answer the interrogatories

and did not properly execute the authorizations for records. Motion, at 1, and attached Exhibit.

On October 4, 2011, the Clerk's Office sent *pro se* Plaintiff a notice that this matter could be dismissed if he did not respond to the Motion within fourteen days. Rule 56 Notice (d/e 64). Plaintiff has not responded to the Clerk's notice or to the Motion.

Therefore, based upon the history of the litigation and *pro se* Plaintiff's failure to comply with Court orders, the Court recommends that Defendant John Williams' Motion to Dismiss (d/e 63) be allowed and this matter be dismissed with prejudice for want of prosecution.

Analysis

The Federal Rules of Civil Procedure authorize, under certain circumstances, a district court to dismiss a party or a claim from a suit as a sanction for a party's conduct. The United States Court of Appeals for the Seventh Circuit has noted that the dismissal of a party's suit is a "draconian" sanction. Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992). Nevertheless, the Seventh Circuit has also held that a district court need not impose lesser sanctions before resorting to dismissal. Halas v. Consumer Servs., Inc., 16 F.3d 161, 165 (7th Cir. 1994).

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a

defendant may move to dismiss the action or any claim against it." Id.  The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior.  The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir. 1987)(internal quotations omitted).

     Furthermore, Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that if a party fails "to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:  . . . (v) dismissing the action or proceeding in whole or in part;".  Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the district court finds "willfulness, bad faith or fault" to justify the sanction. Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996).  The "fault" required to sustain dismissal under Rule 37 does not refer to the "non-complying party's subjective motivation" but to the lack of reasonableness "which eventually culminated in the violation." Langley by Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997) (quotations and citations omitted).

In short, the Seventh Circuit has opined:

> Because of its severity, we have circumscribed the range of cases in which dismissal may be used as a sanction. Looking at the case law, we find two different standards for determining whether a case can properly be dismissed. Some of our cases have held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998); Schilling v. Walworth County Park & Planning Com'n, 805 F.2d 272, 278 (7th Cir. 1986). This appears to be the standard used when cases are dismissed for want of prosecution or failure to comply with orders of the court, Fed. R. Civ. P. 41(b). A slightly different requirement–a finding of willfulness, bad faith or fault–comes into play when dismissals are used specifically as a discovery sanction under Fed. R. Civ. P. 37. In re Golant, 239 F.3d 931, 936 (7th Cir. 2001); Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997); cf. In re Rimsat, Ltd., 212 F.3d 1039, 1046-47 (7th Cir. 2000)(requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court). That is, even without "a clear record of delay, contumacious conduct or prior failed sanctions," a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate. See Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000); Schilling, 805 F.2d at 278 ("When a clear record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district court consider and explain the inappropriateness of lesser sanctions."); Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1478-79 (D.C. Cir. 1995)(requiring that courts provide a "specific, reasoned explanation for rejecting lesser sanctions" and collecting cases requiring same).

Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)(footnote omitted).

In the instant case, the Court believes that, based upon the history of *pro se* Plaintiff's conduct herein, a dismissal of his case is an appropriate sanction under both Rule 37's and Rule 41's standards. See Id. at 468 (explaining that

"[f]or Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be 'clear'" and "that, considering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."). Plaintiff has been made aware of his discovery obligations and has failed to respond to Defendant's requests or this Court's orders. Clearly, *pro se* Plaintiff has no interest in pursuing this case.

Based upon these facts, the Court recommends that the District Court sanction *pro se* Plaintiff by allowing Defendant's motion to dismiss and dismissing the above captioned case. The Court believes that Plaintiff has established a clear record of delay that justifies a dismissal pursuant to Rule 41(b). Likewise, the Court believes that dismissal is appropriate under Rule 37(b) because Plaintiff has willfully declined to follow the orders of this Court. Although Plaintiff is proceeding *pro se* in this cause, and although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders," nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines. Downs, 78 F.3d at 1257. On the contrary, the United States Supreme Court has held: "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without

counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). Accordingly, the Court recommends dismissal with prejudice of the above-captioned case.

## Conclusion

For all of the above reasons, the Court RECOMMENDS that Defendant John Williams' Motion to Dismiss (d/e 63) be allowed and that this matter be dismissed with prejudice due to the *pro se* Plaintiff's clear indication that he is not prosecuting this cause of action.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: October 26, 2011

                          *s/ Byron G. Cudmore*
                          BYRON G. CUDMORE
                          UNITED STATES MAGISTRATE JUDGE